UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT R. GAGLIARDI and ROSITA
GAGLIARDI,

                                  Plaintiffs,

                  -against-

PRAGER METIS CPAS LLC and PHILIP
D'ANGELO,

                                  Defendants.

23-CV-7454 (JGLC) (RFT)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

        Plaintiffs bring this action against their former tax preparers who Plaintiffs allege failed to file multiple years of their tax returns with the Internal Revenue Service ("IRS"). This failure resulted in Plaintiffs incurring over half a million dollars in fees and penalties. Defendants seek to dismiss this action and ask the Court to reject portions of a Report and Recommendation denying their dismissal request. Defendants audaciously contend that they are insulated from liability for their alleged malpractice when case law and public policy dictate otherwise. Defendants also claim Plaintiffs needed to bring this case within three years of the date that the tax returns were deemed late. Instead, as Magistrate Judge Tarnofsky correctly found, the statute of limitations for the malpractice claim as alleged was tolled until Plaintiffs terminated Defendants as their tax preparers. The Court, therefore, rejects Defendants' objections and adopts the Report and Recommendation in its entirety.

                                                      **BACKGROUND**

        Plaintiffs Robert R. Gagliardi and Rosita Gagliardi ("Plaintiffs") bring this action against Defendants Prager Metis LLP ("Prager"), a New York-based accounting firm, and Phillip D'Angelo ("D'Angelo"), a certified public accountant, (together, "Defendants") for professional

negligence and unjust enrichment under New York state law. ECF No. 20 ("Amended Complaint" or "Am. Compl."). Defendants move to dismiss the Amended Complaint for failure to state a claim. ECF No. 21.

This case is referred to Magistrate Judge Tarnofsky for general pretrial purposes and dispositive motions requiring a report and recommendation. ECF No. 32; *see also* docket text dated February 2, 2024. On April 8, 2024, Judge Tarnofsky recommended that the motion to dismiss be denied with respect to the accounting malpractice claim and granted with respect to the unjust enrichment claim, because the latter claim is duplicative of the surviving accounting malpractice claim. ECF No. 52 ("R&R") at 20. The Court adopts the recitation of facts set forth in the R&R and assumes the parties' familiarity therewith.

## LEGAL STANDARDS

The Court sets forth the legal standards governing review of a magistrate judge's report and recommendation and a motion to dismiss for failure to state a claim.

### I. Review of Report and Recommendation

A district court reviewing a magistrate judge's report and recommendation may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Within fourteen days after the magistrate judge has issued their report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations." *Id*.; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* the portions of the report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). For portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on

the face of the record." *Fischer v. Forrest*, 286 F. Supp. 3d 590, 600 (S.D.N.Y. 2018), *aff'd*, 968 F.3d 216 (2d Cir. 2020) (internal citation omitted). "To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the report and recommendation strictly for clear error." *Giallanzo v. City of New York*, 630 F. Supp. 3d 439, 450 (S.D.N.Y. 2022). Finally, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y 2020) (cleaned up).

**II.    Motion to Dismiss**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (internal citation omitted). A claim will survive a Rule 12(b)(6) motion only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. If a complaint does not state a plausible claim for relief, it must be dismissed. *Id*. at 679.

3

## DISCUSSION

Defendants timely filed an objection to the R&R, which the Court considers pursuant to the standards for reviewing a magistrate judge's report and recommendation set forth above. ECF No. 53 ("Objection" or "Obj."). Although some of Defendants' objections merely reiterate their arguments already made to Judge Tarnosfky, "the objections are sufficiently detailed to allow meaningful review of the R&R without needlessly duplicating the efforts of the magistrate judge and in any event, the outcome of the case is not affected by the Court's decision to address [Plaintiffs'] objections." *Secure Source Claims Co., LLC v. Miller*, No. 22-CV-9764 (JGLC), 2024 WL 1342804, at *2 (S.D.N.Y. Mar. 29, 2024) (internal citation and quotation marks omitted). Thus, the Court considers these arguments.

The Court turns first to the taxpayer's non-delegable duty to timely file tax returns. This duty *owed to the government* does not preclude Plaintiffs' claim for malpractice *against their accountants*. Defendants owed Plaintiffs a duty of professional practice and Plaintiffs had a right to repose confidence in Defendants' ability and good faith. The Court next finds that Plaintiffs' accounting malpractice claim began to accrue when Defendants failed to timely file Plaintiffs' tax returns, but that the three-year statute of limitations is tolled by the doctrine of continuous representation. Accordingly, the accounting malpractice claim is not dismissed and the unjust enrichment claim, which is duplicative of the surviving malpractice claim, is dismissed.

I. **The Non-Delegable Duty to Timely File Tax Returns Does Not Preclude Plaintiffs' Claim for Accounting Malpractice**

To state a claim for accounting malpractice under New York law, a plaintiff must allege that the accountant's conduct was a proximate cause of the alleged injuries. R&R at 15 (citing *Paladini v. Capossela, Cohen, LLC*, No. 11-CV-2252 (LAP), 2012 WL 3834655, at *3 (S.D.N.Y. 2012)). Defendants argue that Plaintiffs' claim should be dismissed because Plaintiffs' non-

4

delegable duty to timely file their tax returns severed proximate causation between Plaintiffs' injuries and Defendants' failure to timely file the returns. *Id.*; Obj. at 8–11. The R&R rejected this argument, R&R at 15–17, as does this Court.

Because the New York Court of Appeals has not spoken on this issue, the Court must carefully predict how the Court of Appeals would rule, considering persuasive authority including the language of the state intermediate appellate courts, decisions on the same issue from other jurisdictions, and other data on which the state's highest court might rely. *Id.* at 16; *see also Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 142 (2d Cir. 2021) (citing *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005)).

One New York state intermediate appellate court has cursorily addressed the issue. In *Penner v. Hoffberg Oberfest Burger & Berger*, the First Department stated – in a single sentence of a three-sentence opinion with no further analysis – that a malpractice claim predicated on defendant accounting firm's "failure to submit to [plaintiff's] attention quarterly tax vouchers for making estimated payments" was properly dismissed because "a taxpayer has a nondelegable duty to file timely tax returns." 303 A.D.2d 249, 249 (1st Dept 2003). The First Department cited, in purported support of this proposition, the Second Circuit's decision in *McMahan v. Comm'r of Internal Revenue,* 114 F.3d 366 (2d Cir. 1997). *Id*. However, as the R&R noted, *McMahan* was not an accounting malpractice case. R&R at 15.

In *McMahan*, a taxpayer argued that he should be exempt from IRS late filing penalties because his tax agent failed to timely file his tax return. *McMahan*, 114 F.3d at 368–69. The Second Circuit rejected this argument, holding that the taxpayer "had a personal, non-delegable duty to file a timely return" and that "the government should [not] bear the cost of a tax preparer's mistake by exempting the taxpayer from the applicable [statutory] penalty." *Id.* at 369,

5

371. The other case cited by *Penner* stands for the same proposition, namely, that because the taxpayer "has a personal, non-delegable duty to see that the return is filed on time," the negligence or failure of an agent to timely prepare and file the return "does not constitute reasonable cause for a late-filing by the taxpayer and [an IRS] penalty will be imposed." *Fleming v. United States*, 648 F.2d 1122, 1125 (7th Cir. 1981).

That the taxpayer owes a non-delegable duty to the government to timely file returns by no means forecloses recourse by a taxpayer against a tax preparer entrusted to timely file said returns. *McMahan* and *Fleming* simply declined to let a taxpayer off the hook for IRS penalties. Taxpayers' duty to the government does not relieve accountants of the duty of professional practice owed to their clients. *See* R&R at 11; *see also Williamson ex rel. Lipper Convertibles, L.P. v. PricewaterhouseCoopers LLP*, 872 N.E.2d 842, 846 (N.Y. 2007) (quoting *Shumsky v. Eisenstein*, 750 N.E.2d 67, 70 (N.Y. 2001)) ("[A] person seeking professional assistance has a right to repose confidence in the professional's ability and good faith, and realistically cannot be expected to question and assess the techniques employed or the manner in which the services are rendered."); *King v. Fox*, 418 F.3d 121, 133 (2d Cir. 2005) (quoting *Greene v. Greene*, 436 N.E.2d 496, 500 (N.Y. 1982)) (same). The non-delegable duty keeps taxpayers on the hook for liability to the IRS; it does not let negligent accountants off the hook. To the extent *Penner* read *McMahan* as holding otherwise, it did so in error. *See McMahan*, 114 F.3d at 371 (stating that the taxpayer "may well be able to recover the amount of the penalty he must pay from his attorney through a malpractice action or a claim for breach of fiduciary duty under state law").

Defendants urge the Court to follow *Gold v. Lipsky, Goodkin & Co.*, 2012 N.Y. Slip. Op. 33423(U), *10 (N.Y. Sup. Ct. 2012) (citing *Penner*, 303 A.D.2d at 249; *McMahan*, 114 F.3d at 369) and *Gardner v. Leitgeb & Vitelli, LLP*, 34 Misc. 3d 1228(A) (N.Y. Sup. Ct. 2012). *See* Obj.

at 10. That *Gold* and *Gardner* repeated *Penner*'s holding, with little to no analysis, in no way cures *Penner*'s original misreading of *McMahan*.

Instead, multiple courts have continued to hold, in accordance with *McMahan*, that the non-delegable duty to timely file tax returns does not insulate accountants from malpractice liability arising from untimely filed returns. In *Shared Commc'ns Servs., Inc. v. Goldenberg Rosenthal, LLP*, the court found under Pennsylvania law that the taxpayer's non-delegable duty to the government "does not prevent the taxpayer's recovery in a negligence action against the agent who caused the taxpayer to file late." No. 01-CV-9702 (RJH), 2004 WL 2609546, at *13 (S.D.N.Y. Nov. 16, 2004), *aff'd*, 155 F. App'x 561 (2d Cir. 2005) (citing *McMahan*, 114 F.3d at 371). "Indeed, accepting [defendant accounting firm]'s erroneous construction of this duty would vitiate the tort of professional negligence or malpractice in any context involving a tax authority." *Id*.

Similarly, in *Blumberg v. Altman*, the court found that plaintiff stated a claim for accounting malpractice based on defendants' failure to timely file plaintiff's tax returns. 841 N.Y.S.2d 818, 2007 WL 1519067 (N.Y. Sup. Ct. 2007). Correctly reading *McMahan*, the *Blumberg* court held that "[t]he fact that a taxpayer has a non-delegable duty to file returns on time does not foreclose any remedies against a tax preparer or accountant engaged to prepare those returns on the taxpayer's behalf." *Id*. (citing *McMahan*, 114 F.3d at 371). Here, as in *Blumberg*, "[t]o accept defendants' broad reading of *Penner* would amount to holding that tax preparers and accountants are not liable for any malpractice that results in a failure to file tax returns on time, even though a tax preparer or accountant may have been specifically engaged to prepare and file the tax returns." *Id*.

7

Defendants attempt to distinguish *Blumberg* on the basis that in that case "plaintiff claim[ed] that when he inquired about the 2005 extension, defendants alleged[ly] told him that an extension had been filed, but no extension was allegedly obtained." *Id*.; Obj. at 9–10. Defendants argue that *Blumberg* is distinguishable because "here the Plaintiffs do not allege to have ever made such a query, nor do they allege that the Defendants made an affirmative representation that the tax returns had been filed or that an extension was secured." Obj. at 10. The suggestion that accountants should not face liability for malpractice as long as they do not affirmatively lie in response to a direct query from their client is both unpersuasive as a matter of law and public policy. Defendants blame Plaintiffs for "sit[ting] on their hands idly as the tax filing deadline passes and feign[ing] ignorance in face of the consequences." *Id.* at 13. They also criticize the R&R as "suggest[ing] that there should be no consequences for a taxpayer who fails to timely file his tax returns if the taxpayer engaged an accountant to file such tax returns." *Id*. However, it is the rule Defendants seek – shielding accountants from malpractice liability arising from failure to timely file returns – that would create perverse incentives. Such a rule would enable accountants to collect fees without fulfilling the most basic expectation of professionalism: timely filing their clients' returns. To deny the taxpayer recourse against this malpractice would disincentivize professional attentiveness, shield predatory tax preparers from accountability, and undermine the public's confidence in the reliability and integrity of the profession.

It is Defendants who ask that there be no consequences for idly sitting on their hands, not Plaintiffs. Defendants attempt to compare Plaintiffs to property owners who by contract purport to disclaim their non-delegable duty to comply with the Fair Housing Act and Americans with Disabilities Act. Obj. at 12 (citing *CREF 546 W. 44th St., LLC v. Hudson Meridian Constr. Grp.,*

8

*LLC*, 69 Misc. 3d 747, 759 (N.Y. Sup. Ct. 2020)). This comparison falls flat because it is Defendants, not Plaintiffs, who seek complete insulation from liability. According to the Amended Complaint, Plaintiffs have already paid $432,837 in IRS penalties, satisfying their non-delegable duty to the government. Am. Compl. ¶¶ 1, 52. Plaintiffs now seek to "recover the amount of the [IRS] penalty [they] must pay from [their CPA] through a malpractice action," just as the Second Circuit contemplated. *McMahan*, 114 F.3d at 371. The Court finds that *Shared Commc'ns Servs.* and *Blumberg* properly apply *McMahan*, while *Penner* does not. Moreover, public policy militates against Defendants' position. If faced with this issue, the New York Court of Appeals would likely reach the same conclusion. Accordingly, the R&R correctly concluded that the non-delegable duty to timely file tax returns does not preclude Plaintiffs' claim against Defendants for accounting malpractice.

## II. Plaintiffs' Accounting Malpractice Claim Began to Accrue When the Tax Returns Became Late

Accounting malpractice claims governed by New York law are subject to a three-year statute of limitations. R&R at 8 (citing N.Y. C.P.L.R. § 214(6)). Such claims begin to accrue when the malpractice is committed. *Id*. (citing *Williamson*, 9 N.Y.3d at 7–8). The R&R found that Plaintiffs' claim began to accrue "on the dates the 2015, 2016 and 2017 tax returns were deemed late" because that is when "Defendants breached their duty to timely prepare and file Plaintiffs' tax returns . . . ." *Id*. at 10. Plaintiffs object, arguing that the statute of limitations did not begin to run until the IRS actually assessed penalties. ECF No. 54 ("Pl. Br.") at 7–8. Judge Tarnofsky correctly concluded that Plaintiffs' position is foreclosed by governing law. R&R at 10. The New York Court of Appeals has already rejected Plaintiffs' argument for "an accrual date that coincides with the date IRS determines additional taxes are due," reasoning that the "utter lack of predictability inherent in a Statute of Limitations based on the date the IRS assesses a

9

deficiency is apparent from the fact that defendant would remain liable for work performed a decade ago." *Ackerman v. Price Waterhouse*, 644 N.E.2d 1009, 1012–13 (N.Y. 1994).

Instead, Plaintiffs' claims began to accrue when an "actionable" injury occurred. *See Arnold v. KPMG LLP*, 334 F. App'x 349, 352 (2d Cir. 2009) (citing *McCoy v. Feinman*, 785 N.E.2d 714, 718 (N.Y. 2002)). Plaintiffs' injuries – IRS penalties – stem from the untimely filing of their tax returns. Thus, their injuries became actionable, and the three-year statute of limitations began to run, when the relevant tax filing deadlines elapsed, rendering the tax returns overdue. *See Mohamed v. Donald J. Nolan, Ltd.*, 967 F. Supp. 2d 647, 654 (E.D.N.Y. 2013), *aff'd sub nom. Mohamed v. Nolan L. Grp.*, 574 F. App'x 45 (2d Cir. 2014) (determining that the "actionable injury," which triggered the accrual of a legal malpractice claim, occurred on the date of the missed filing deadline). The R&R correctly determined the accrual date for Plaintiffs' malpractice claim.

### III. The Continuous Representation Doctrine Tolls the Statute of Limitations

The R&R found that the doctrine of continuous representation – which applies when a professional continues to perform services, after the alleged malpractice, that are related to the original (allegedly deficient) services – tolls the three-year statute of limitations. R&R at 8–9, 11–14. Defendants object, citing *Ackerman*'s holding that professional malpractice claims begin to accrue when the malpractice is committed rather than when the IRS assesses penalties. Obj. at 15–19. Defendants confuse accrual with tolling. *Ackerman* is about when the statute of limitations begins to run, not when it may be tolled, and specifically notes it is not a case about the continuous representation doctrine. *Ackerman*, 644 N.E.2d at 1013. It provides no basis to question the R&R's application of the continuous representation doctrine.

The Objection also provides no basis to find that Defendants' original tax preparation and the subsequent remedial work with respect to IRS penalties were "distinctive representations." *See* Obj. at 14. Defendants cursorily ask the Court to conduct a *de novo* review of the original motion papers before Judge Tarnofsky. Obj. at 16. The Court's task is *de novo* review of the R&R, considering the objections thereto. In any event, Defendants' original moving papers claim that Plaintiffs never engaged Defendants to provide remedial services because Plaintiffs "balked at the idea that Defendants billed them for time in relation to that assistance." ECF No. 29 at 4. Defendants' argument refutes itself. Plaintiffs have pled that they engaged Defendants during the relevant period to handle tax controversies relating to the returns. R&R at 12–14 (citing Amend. Compl. ¶¶15, 43–48). As Judge Tarnofsky noted, "[c]harging Plaintiffs for work performed relating to the assessment of an IRS penalty supports the inference that there was a continuous engagement." *Id*. at 13.

That Plaintiffs allegedly engaged tax counsel to seek abatement of the IRS penalties, *see* ECF No. 29 at 5, does not evince an outward manifestation that Defendants' engagement with respect to Plaintiffs' 2015, 2016, and 2017 tax returns ended prior to 2023 (when Plaintiffs replaced Defendants with new accountants), Am. Compl. ¶ 48. And, Defendants' disputes about whether that representation ended prior to 2023 raise factual issues not suitable for resolution at the motion to dismiss stage. *See* R&R at 14; *see also United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106–07 (2d Cir. 2021) (finding that it is improper for a court to engage in fact finding on a motion to dismiss); *Twombly*, 550 U.S. 555–56 (at the motion to dismiss stage, the court accepts all the allegations in the complaint as true "even if doubtful in fact"). The R&R correctly applied the continuous representation doctrine.

11

### IV. Consideration of Defendants' Proffered Extrinsic Evidence Is Not Appropriate at This Juncture

Finally, Defendants object that the R&R did not consider extrinsic evidence they submitted, namely, the D'Angelo Declaration (ECF No. 21-5) and its exhibits, which purportedly consist of email correspondence between the parties in 2019. Obj. at 16–17. Defendants provide no reason why these materials are "integral" to the Amended Complaint, or otherwise fall into the categories of documents that the Court may consider on a Rule 12(b)(6) motion. R&R at 9. Even if the Court were to consider the extrinsic evidence, the Objection provides no reason why such evidence would foreclose Plaintiffs' claims as a matter of law. *See Loc. 3599, NYC Dep't of Env't Prot. Tech. Pro. Emps. v. City of New York*, No. 23-CV-1035 (JGLC), 2024 WL 966077, at *4 (S.D.N.Y. Mar. 6, 2024) (declining to consider materials outside the complaint on a Rule 12(b)(6) motion where defendants did not argue that such evidence would dispose of plaintiffs' claims as a matter of law). Judge Tarnofsky was correct not to consider Defendants' proffered extrinsic evidence at this juncture. The Court declines to convert the motion to dismiss into one for summary judgment under Rule 56 to consider such evidence where the parties have not yet had an opportunity to engage in discovery. *See* R&R at 9–10.

### V. Plaintiffs' Unjust Enrichment Claim Is Dismissed as Duplicative

The R&R recommended that Plaintiffs' unjust enrichment claim be dismissed as duplicative of the surviving accounting malpractice claim. R&R at 19–20. The Court agrees. Plaintiffs do not object to this determination, instead only seeking leave to again amend the Amended Complaint if the Court were to dismiss the accounting malpractice claim. Pl. Br. at 10–11, n.3. Because the accounting malpractice claim survives the motion to dismiss, the unjust enrichment claim is dismissed as duplicative, and Plaintiffs' request for leave to amend is denied as moot.

## CONCLUSION

For the reasons set forth herein, the R&R (ECF No. 52) is ADOPTED in its entirety. Defendants' motion to dismiss is DENIED with respect to the accounting malpractice claim and GRANTED with respect to the unjust enrichment claim.

The Clerk of Court is directed to terminate ECF No. 21.

Dated: June 28, 2024
         New York, New York

                                    SO ORDERED.

                                    *Jessica Clarke*

                                    JESSICA G. L. CLARKE
                                    United States District Judge