UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT R. GAGLIARDI and ROSITA GAGLIARDI,

                        Plaintiffs,

-against-

PRAGER METIS CPAS LLC and PHILIP D'ANGELO,

                        Defendants.

23-CV-7454 (JGLC)

**OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

      Plaintiffs Robert R. Gagliardi ("Mr. Gagliardi") and Rosita Gagliardi ("Mrs. Gagliardi") bring this action against Defendants Prager Metis CPAs LLC and Phillip D'Angelo for professional negligence and unjust enrichment. On July 19, 2024, Defendants moved to dismiss this case for lack of subject matter jurisdiction on the grounds that Mr. Gagliardi's citizenship destroys diversity of the parties. ECF No. 63. Plaintiffs then sought leave to amend the Complaint and remove Mr. Gagliardi as a party. ECF No. 67. On October 10, 2024, Magistrate Judge Tarnofsky issued a Report and Recommendation recommending that the motion to amend be granted and the motion to dismiss be denied as moot. ECF No. 76 ("R&R"). Defendants filed a timely objection. ECF No. 77 (the "Objection" or "Obj."). The Court, having reviewed all submissions, now ADOPTS the R&R in its entirety, GRANTS leave to amend, and DENIES the motion to dismiss as moot.

## LEGAL STANDARD

      A district court reviewing a magistrate judge's report and recommendation may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Within fourteen days after the magistrate judge has issued their report and recommendation, "any party may serve and file written objections to such

proposed findings and recommendations." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* the portions of the report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). For portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Fischer v. Forrest*, 286 F. Supp. 3d 590, 600 (S.D.N.Y. 2018), *aff'd*, 968 F.3d 216 (2d Cir. 2020) (internal citation omitted). "To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the report and recommendation strictly for clear error." *Giallanzo v. City of New York*, 630 F. Supp. 3d 439, 450 (S.D.N.Y. 2022). Finally, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y 2020) (internal citation omitted).

## DISCUSSION

The Court adopts the recitation of facts set forth in the R&R and assumes the parties' familiarity therewith. The Court addresses Defendants' three categories of objections in turn. First, the Court finds that there is no prior order that should be vacated. Second, the Assignment of Claims (the "Assignment") was valid, and even if not, such a determination does not affect the resolution of these motions. Third, the R&R correctly concluded that Mr. Gagliardi is not an indispensable party.

### I.    No Prior Orders Will Be Vacated

Defendants argue that prior reports and decisions on the merits of this case should be vacated as to Mr. Gagliardi because the Court lacked subject matter jurisdiction to render such decisions as to him. Obj. at 4. However, Defendants identify no order that the Court lacked

subject matter jurisdiction to make. As the R&R properly found, the Court maintains subject matter jurisdiction over the claim brought by Mrs. Gagliardi, who asserts the same claims as Mr. Gagliardi. As Judge Tarnofsky analyzed, the spouses' claims are one and the same because the tax penalties at issue are those for which Mr. and Mrs. Gagliardi are jointly and severally liable. *See* R&R at 19. No prior report or order distinguished that some determinations applied only with respect to Mr. Gagliardi. *See* ECF Nos. 52 and 55. To the contrary, each determination was with respect to the spouses' claims as a whole. As such, the Court finds no basis to vacate any prior order.

## II. The Assignment of Claims Is Valid

Defendants contend that the R&R erred in finding that Plaintiffs' Assignment of Claims is valid. Their Objection, however, reiterates the same arguments made in their original filings. *Compare* Obj. at 5–7 *with* ECF No. 71 at 2–3. Thus, the Court reviews the R&R for clear error and finds none. *See Giallanzo*, 630 F. Supp. 3d at 450. For clarity, however, the Court summarizes and addresses Defendants' key arguments.

Defendants' primary objection appears to be that the viable claims at the outset of the litigation belonged to Mr. Gagliardi alone. Defendants contend that the R&R failed to address this argument and instead confused the concept of joint and several liability with a right to recover. Obj. at 5. However, as the R&R explained at length, what Plaintiffs seek to recover is a penalty that they were jointly and severally liable to pay. *See* R&R at 19–20. In such a situation, the right to recover turns on the scope of the liability. If Mrs. Gagliardi is liable for the entire penalty with or without Mr. Gagliardi, so must she hold the right to recover that penalty from Defendants with or without Mr. Gagliardi.

Defendants also object that *Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823 (1969), covers the Assignment here and renders it illusory because Mr. Gagliardi necessarily retains an interest

in actual recovery. Obj. at 6. This argument holds no water. *Kramer* is distinguishable not only for the reasons stated in the R&R, *see* R&R at 15–16, but also because *Kramer* is about the collusive assignment of rights between two distinct entities with a "total lack of previous connection." *Kramer*, 394 U.S. at 827. Here, that is not the case. That Mr. Gagliardi retains an interest in actual recovery cannot render the Assignment collusive under *Kramer*, because Mrs. Gagliardi retained the same actual interest in recovery from the beginning of this lawsuit.

Finally, Defendants contend that Plaintiffs are engaging in forum-shopping that contravenes public policy. Obj. at 7. Despite the R&R's point about lack of citation on this argument, Defendants in the Objection still fail to point the Court to a convincing case. In fact, Defendants fail to convince the Court that Plaintiffs are in fact forum-shopping, rather than trying to conserve resources where this case has already progressed through multiple rounds of dispositive motion practice before this Court.

In any case, the Court agrees with the R&R's conclusion that even if the Assignment was invalid, Mr. Gagliardi may be properly dismissed. *See* R&R at 19–24.

## III. Mr. Gagliardi Is Not Indispensable

Once again, Defendants' Objection to the R&R's finding on indispensability largely reiterates prior arguments. *Compare* Obj. at 8–15 *with* ECF No. 68 at 2–5, ECF No. 71 at 5–6. In doing so, Defendants also challenge some of the R&R's case citations on the grounds that they are distinguishable. Obj. at 8–9, 13–14. Defendants miss the overarching principle discussed in the R&R at 15–20: that, whether through a valid assignment or because of their joint and several tax liability, Mr. and Mrs. Gagliardi's claims and liabilities can be asserted and challenged through each other. Because of this fact, each of Defendants' objections fail.

First, Defendants are concerned with their ability to raise affirmative defenses and counterclaims based on the culpable conduct of Mr. Gagliardi. Obj. at 10–15. For the same

4

reasons stated in the R&R, these concerns do not prejudice Defendants because Defendants may state those defenses and counterclaims under the theory that Mr. Gagliardi was acting as Mrs. Gagliardi's agent. Defendants contend that pursuing this theory raises their burden to prove agency—but, as Plaintiffs already concede and the Court agrees, "[u]nder the facts of this case, Mr. Gagliardi would clearly be the agent of Mrs. Gagliardi." ECF No. 80 ("Rep.") at 7. There is no higher burden that warrants dismissing this case.

Second, Defendants are concerned with the risk of duplicative lawsuits. Obj. at 10–12. The Court cannot find substance in this risk, particularly given that Defendants have represented they would add Mr. Gagliardi back as a third-party defendant—a process Plaintiffs have agreed to facilitate, *see* Rep. at 8—and that collateral estoppel would likely bar the re-litigation of the issues.

Finally, Defendants are worried that Mr. Gagliardi will not appear for testimony. Obj. at 12–13. Plaintiffs have assured that he will and will be held to that representation. Rep. at 9. As such, Defendants' objections to the R&R are meritless.

## CONCLUSION

For the foregoing reasons, the R&R is ADOPTED in its entirety. Plaintiffs are GRANTED leave to amend. Defendants' motion to dismiss is DENIED as moot. The Clerk of Court is directed to terminate ECF Nos. 63 and 67.

Dated: March 27, 2025
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

5