UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSITA GAGLIARDI,

               Plaintiff,

-v-

PRAGER METIS CPAS LLC, et al.,

               Defendants.

23-CV-7454 (JGLC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE:**

In the Second Amended Complaint ("SAC"), Plaintiff Rosita Gagliardi brings this action against Defendants Prager Metis CPAs LLC ("Prager"), a New York-based accounting firm, and Phillip D'Angelo ("D'Angelo"), a certified public accountant, for professional negligence and unjust enrichment under New York state law; Plaintiff's claims arise out of Defendants' failure to file the 2015 and 2016 United States joint tax returns of Plaintiff and her husband and the late filing of their 2017 United States joint tax return. (*See generally* ECF 20, AC.)

Pending before this Court is Defendants' letter-motion seeking the Court to compel substantive responses to five interrogatories (ECF 102); Plaintiff has asserted the spousal communication privilege in response to those interrogatories (ECF 103). I have carefully reviewed the parties' submissions, and for the reasons set forth below, the letter-motion is GRANTED.

**PROCEDURAL HISTORY**

On August 23, 2023, Plaintiff and her husband filed a complaint against Defendants, alleging professional negligence, negligent supervision, and unjust enrichment. (*See* ECF 1,

Compl.) On the same date, Plaintiff filed a Rule 7.1 Statement indicating that Plaintiffs were citizens of the United Kingdom. (*See* ECF 3, Rule 7.1 Statement.) On November 15, 2023, Plaintiff and her husband filed an amended complaint ("AC"), which provided additional information about the scope of their engagement with Defendants and removed their claim for negligent supervision. (*See generally* ECF 20, AC.) On November 29, 2023, Defendants filed a motion to dismiss the AC and a supporting brief, which motion was fully briefed by January 10, 2024. (*See* ECF 21, Mot. To Dismiss; ECF 21-1, Defs.' Suppl. Mem.; ECF 26, Pls.' Opp.; ECF 29, Defs.' Reply.)

By Order of Reference dated February 1, 2024 (ECF 32), Judge Jessica G.L. Clarke referred this case to Magistrate Judge Katharine H. Parker for general pretrial purposes and dispositive motions. On February 2, 2024, the case was reassigned to me. On April 8, 2024, I issued a report and recommendation, recommending that the motion to dismiss the AC be granted in part and denied in part. (*See* ECF 52, Report & Recommendation.) Specifically, I recommended that (1) Plaintiffs' accountant malpractice claim be allowed to proceed and (2) Plaintiffs' unjust enrichment claim be dismissed with prejudice. (*See id.*) On June 28, 2024, Judge Clarke adopted my report and recommendation in its entirety over Defendants' objections. (*See* ECF 55, Opinion and Order.)

On July 19, 2024, Defendants filed a motion to dismiss for lack of subject matter jurisdiction and a motion to vacate Judge Clarke's Order adopting my report and recommendation that the claim for accountant malpractice be permitted to proceed. (*See* ECF 63, Mot. To Dismiss.) Defendants pointed out that Mr. Gagliardi is in fact a citizen of the United States residing in the United Kingdom and not a citizen of the United Kingdom as represented in

2

Plaintiffs' Rule 7.1 Statement. (*See* ECF 63-3, Defs.' Suppl. Mem.) Defendants noted that the U.S. Supreme Court has held that a U.S. citizen living in a foreign country "has no domicile in any State" and "is therefore 'stateless' for purposes of §1332(a)(3)." (ECF 63-3, Defs.' Suppl. Mem. at 3 (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)).) Defendants went on to correctly explain that subsection 1332(a)(2) – the provision relied on by Plaintiffs in their AC – applies to "aliens only" and cannot be satisfied when a party is a U.S. citizen domiciled abroad. (ECF 63-3, Defs.' Suppl. Mem. at 3 (quoting *Newman-Green,* 490 U.S. at 828).)

On August 6, 2024, Plaintiffs filed a motion to amend the AC to drop Plaintiff's husband from the case. (*See* ECF 67, Mot. To Amend.) In support, Plaintiff included an assignment agreement dated as of August 28, 2024, in which Mr. Gagliardi assigned to Mrs. Gagliardi all "rights and interests in and to his cause(s) of action (in both law and equity) against Prager Metis CPAs, LLC and Philip D'Angelo, including but not limited to the cause(s) of action set forth in *Gagliardi, et al., v. Prager Metis CPAs, LLC, et al.*, case no. 1:23-CV-7454 (SDNY)," for consideration of £ 10 (the "Assignment Agreement"). (ECF 70-1, Assignment Agreement.) In support of the motion to amend, Plaintiff argued, among other positions, that Defendants would not be placed at a disadvantage in connection with discovery if her husband were dropped from the case. (*See* ECF 67, Mot. To Amend at 2.)

On October 10, 2024, I issued a report and recommendation that Plaintiff be permitted to file the SAC; and that the motion to dismiss be denied as moot. (ECF 76, Report & Recommendation.) On March 27, 2025, Judge Clarke adopted my report and recommendation over Defendants' objections. (ECF 82, Opinion and Order). On May 5, 2025, I entered the case

3

management plan. (ECF 91.) All discovery (fact and expert) is scheduled to be completed by November 28, 2025.

## DISCUSSION

At issue on this motion are interrogatories asking Plaintiff to identify: (1) the documents setting out the basis for Defendants' alleged duties to file Plaintiff's tax returns; (2) all people or entities with whom Plaintiff and/or her husband communicated about the allegations in the SAC and counterclaims; (3) all people and entities engaged by Plaintiff and/or her husband to provide accounting and related services from 2014 to the present; (4) all people and/or entities engaged by Plaintiff and/or her husband to review work performed by Prager; and (5) all documents provided by Plaintiff and/or her husband and/or their representatives to any potential or engaged expert in this case. (ECF 102, Defs.' Letter-Mot. at 2.) Plaintiff responded that her only basis for knowing any of the information sought by those five interrogatories was communicated to her by her husband and therefore protected by the spousal communication privilege. (ECF 103, Pl.'s Opp. at 2-3.)

The elements of the spousal communication privilege are "(a) a communication, (b) induced by the marital relationship, (c) made in confidence, (d) during the marriage, if it is, (e) not waived and (f) not subject to an exception." *Shih v. Petal Card, Inc.*, 565 F. Supp. 3d 557, 572 (S.D.N.Y. 2021); *see also* N.Y. C.P.L.R. § 4502(b). "[T]he statute, having evolved from the absolute privilege at common law, creates a presumption that a spousal communication is privileged, and the party seeking disclosure of the communication must rebut that presumption." *Atl. Richfield Co. v. Triad Petroleum, Inc.*, 113 F.R.D. 686, 687 (S.D.N.Y. 1987). New York law recognizes a limited exception to the spousal communication privilege, when the

4

communications relate to "'ordinary business matters,' which would have been made even if a third party were present, [the communications] are not protected." *Id.* (citing *Parkhurst v. Berdell,* 18 N.E. 123, 126-27 (N.Y. 1888)).

Plaintiff argues that she has made a prima facie showing that her communications with her husband about the issues raised by Defendants' interrogatories fall within the spousal communication privilege, in that she received the information from her husband through communications; that the communications involved joint tax returns, which were possible only because Plaintiff and her husband are married; and that the communications were made in confidence during their marriage. (ECF 103, Pl.'s Opp. at 2.)  Plaintiff contends that Defendants have failed to demonstrate that the communications fall within an exception to the privilege or that the privilege has been waived. (*Id.* at 2-4.) Defendants take the position that (1) the communications in question fall within the exception for business communications, so that the spousal communication privilege does not apply, and that (2) even if the privilege applied, Plaintiff and her husband have waived it by placing otherwise confidential communications at issue in this litigation. (ECF 102, Defs.' Letter-Mot. at 3-5.)

I am dubious that it is appropriate to conflate, as Plaintiff does, communications "induced by the marital relationship" with communications on a topic relevant to a couple's legal status as a married couple, such as a joint tax return. New York law limits communications covered by the marital privilege as those "'that are induced by the marital relation and prompted by the affection, confidence and loyalty engendered by such relationship.'" *Carver Fed. Sav. Bank v. Shaker Gardens, Inc.*, 90 N.Y.S.3d 653, 660 (3d Dep't. 2018) (quoting *People v. Fediuk*, 66 N.Y.2d 881, 883 (1985)). Communications between spouses about their joint tax

5

returns are hardly the type of communications that arise out of marital affection, confidence, or loyalty.

Even assuming for the sake of argument that Plaintiff has made a prima facie showing that the communications in question would be covered by the marital privilege, I conclude that the communications would nevertheless be subject to disclosure because Defendants have established that the communications are "'ordinary conversations relating to matters of business.'" *Carver Fed. Sav. Bank,* 90 N.Y.S.3d at 660 (quoting *Johnson v. Johnson*, 268 N.Y.S.2d 403, 406 (2d Dep't 1966)). As Defendants persuasively argue, "[f]iling and paying taxes is a matter of business," particularly after Mr. Gagliardi assigned his clams against Defendants to Plaintiff. (ECF 102, Defs.' Letter-Mot. at 4.)

Moreover, even if Defendants had not established that the communications at issue are business communications, Defendants have demonstrated that Plaintiff has waived the privilege by putting at issue the basis for her claims against Defendants. (*Id.* at 4-5 (citing *Prink v. Rockefeller Ctr., Inc.*, 48 N.Y.2d 309, 317-18 (1979), for the proposition that a widow suing on behalf of her late husband for wrongful death had waived the spousal privilege over certain communications with her late husband where the husband would have had to disclose the content of the communications if he had been available to participate in discovery).) *See also Betz v. Legal Aid Soc'y*, No. 89-CV-3401 (RO), 1990 WL 164814, at *1 (S.D.N.Y. Oct. 18, 1990) (applying the principles set out in *Prink* outside the context of a wrongful death action). Here, Mr. Gagliardi would be required to respond to the interrogatories if he remained a plaintiff in this case, and, as in *Prink*, it would be unfair to allow Mrs. Gagliardi to prevail on her claims by hiding behind the spousal privilege. *See Prink,* 48 N.Y.2d at 317-18.

6

## CONCLUSION

For the foregoing reasons, Defendants' letter-motion (ECF 102) to compel is GRANTED, and Plaintiff is ORDERED to provide substantive responses to the five at-issue interrogatories by **November 7, 2025**. The Clerk of Court is respectfully requested to terminate ECF 102.

Dated: October 29, 2025
   New York, New York

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**