COHEN CUNNINGHAM DEROSE HIGGINS LYON

Christopher F. Lyon | Partner
clyon@cohencunningham.com
Mobile: 210.602.7340

September 24, 2026

Plaintiff may respond to this letter by **September 28, 2026.**

Dated: September 25, 2026
New York, NY

SO ORDERED
ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

**Via CM/ECF**

Hon. Robyn F. Tarnofsky, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 9B
New York, New York 10007

**Re:** Gagliardi, et al. v. Prager Metis CPAs LLC, et al.
Case No. 1:23-cv-07454 (JGLC) (RFT)
**Letter-Motion to Compel the Continued Deposition of Robert Gagliardi and for a Limited Extension of Fact Discovery**

Dear Judge Tarnofsky:

This firm represents Defendants Prager Metis CPAs LLC and Philip D'Angelo (together, "Defendants") in the above-referenced action. Pursuant to the Court's September 22, 2026 Order (Dkt. 147), Federal Rules of Civil Procedure 16(b)(4) and 30(d)(1), Local Civil Rule 37.2, and Sections I(E) and III(B) of Your Honor's Individual Practices, Defendants respectfully move for an order (i) directing that the deposition of Robert Gagliardi, Plaintiff's husband and the assignor of the claims she asserts (Dkt. 82), be continued for up to four (4) hours on the record, exclusive of breaks; and (ii) extending fact discovery to October 30, 2026, solely to complete that deposition on a mutually agreeable date after October 19, 2026. Plaintiff's counsel, who also represents Mr. Gagliardi, has advised that Mr. Gagliardi will sit for only 30 more minutes because, by counsel's "basic math," Defendants "are at approximately 6.5 hours." (Ex. C) The transcripts show that Mr. Gagliardi has been on the record for no more than 5 hours and 53 minutes, and in fact less as there were two breaks for which no time stamp was noted. Prior to today, the undersigned and Plaintiff's counsel had both been operating with the understanding that approximately 2 hours of deposition testimony remained for Mr. Gagliardi – it was not until late this morning that Plaintiff's counsel first stated his new position that only 30 minutes remained and conditioned scheduling the continued deposition on agreement to that limitation. Because the Court's Order requires this application to be made today, and the undersigned was attending a conference today, counsel have not yet been able to confer by telephone as Section III(B) contemplates. Defendants will confer with Plaintiff's counsel by telephone promptly and will advise the Court if the dispute is resolved or narrowed.

COHEN CUNNINGHAM DEROSE HIGGINS LYON

Christopher F. Lyon | Partner
clyon@cohencunningham.com
Mobile: 210.602.7340

Defendants deposed Mr. Gagliardi remotely on April 17 and April 23, 2026. Excerpts of the transcripts are annexed as Exhibits A and B (cited as "Tr. I" and "Tr. II"). Each session ended at an agreed cutoff or at the witness's request. (Tr. I 176:21–23; Tr. II 7:22–25, 163:17–22) At the start of the second session, the undersigned noted that the deposition would "probably have to continue on another day anyway once we get Brian Ketcham's file," and the witness responded, "No problem." (Tr. II 8:2–7) At its close, Plaintiff's counsel acknowledged that "it looks like we're going to have part three." (Tr. II 172:11–13) Plaintiff's counsel did not produce the documents that Mr. Ketcham's widow provided to him until September 14, 2026. (Dkt. 146) The production consists of more than 700 documents and approximately 6,400 pages. In our September 21, 2026 joint letter, the parties jointly advised the Court that they "anticipate[d] less than 2 hours for Mr. Gagliardi's remaining deposition." (*Id.*)

On September 22, the Court extended discovery to October 7, 2026 and provided that, if Mr. Gagliardi was unavailable on September 28 or 29, the parties could apply by today "for an additional brief extension of the discovery deadline solely to complete Mr. Gagliardi's deposition." (Dkt. 147) That evening, and again the next morning, the undersigned asked Plaintiff's counsel whether Mr. Gagliardi was available on either date. (Ex. C) Plaintiff's counsel did not answer until late this morning, when he wrote that "Mr. Gagliardi declines to sit for more than the 7 hours that rule 30 provides" and offered only "the remaining 30 minutes." (*Id.*) This is after the parties submitted a joint letter discussing an intent to depose Mr. Gagliardi for not more than 2 hours.

Notably, Plaintiff's 30-minute limit rests on a miscount, lumping in all breaks into the time. Rule 30(d)(1) limits a deposition to "1 day of 7 hours." Breaks "do not count towards Rule 30's seven-hour limit." *Escoffier v. City of New York*, No. 13-CV-3918 (JPO), 2019 WL 4747666, at *3 (S.D.N.Y. Sept. 30, 2019) (citing *Williams v. Fire Sprinkler Assocs. Inc.*, No. 15 Civ. 3147, 2017 WL 1156012, at *2 (E.D.N.Y. Mar. 27, 2017)). The reporters' time stamps establish that Mr. Gagliardi has been on the record for no more than 5 hours and 53 minutes, comprised of 2 hours and 55 minutes on the record on day 1 and 2 hours and 58 minutes (max) on the record for day 2.

Plaintiff's figure of six and one-half hours is simply the elapsed time from the start to the end of each session, with every break charged to Defendants. Measured correctly, at least 1 hour and 7 minutes remain under the presumptive limit, more than twice the time Plaintiff would allow, before any extension is considered.

Mr. Gagliardi's obstructive conduct impeded and delayed the examination.

The Court "must allow additional time . . . if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). The record shows a sophisticated witness who repeatedly professed not to understand plain questions and ordinary words, turned questions back on examining counsel, accused counsel of "being very deceptive," and substituted argument for answers. (Tr. I 125:19–23) Examining counsel had to advise him at

COHEN CUNNINGHAM DEROSE HIGGINS LYON

Christopher F. Lyon | Partner
clyon@cohencunningham.com
Mobile: 210.602.7340

least seventeen times that he had not answered the question asked, and questions were read back thirteen times. For example:

(a) A yes-or-no question, whether Prager Metis ultimately filed the 2015 and 2016 returns, consumed eight pages of transcript. Mr. Gagliardi professed not to understand it ("Not really."; "I just -- I just don't understand the question."), called it "a loaded question" and "extremely unfair," and concluded: "You can go to the judge. I'm sorry. I'm going to -- I'm going to be firm here." (Tr. II 135:9–142:21) The testimony was marked for a ruling. (*Id.* at 142:22–23)

(b) Asked whether he knew of any payment Prager Metis made from his accounts without his specific authorization, a subject bearing directly on Plaintiff's allegation that Prager Metis was authorized to make payments on his behalf, Mr. Gagliardi stated that he was "not ready to concede that they didn't" and that, "as I sit here right now, I'm not willing to say 'yes' or 'no.'" The inquiry spanned eight pages, interrupted by a recess. (Tr. II 95:6–102:6)

(c) When cautioned that the deposition would be "very long" if he did not listen to the questions, Mr. Gagliardi replied, "Listen, I'm going to give you my answers. I'm going to give you my answers. . . . And if it's long, it's long," and added that he was "fully okay with that." (Tr. I 35:13–36:6)

(d) Asked whether he understood that he personally had the obligation to make payments to the IRS for taxes, Mr. Gagliardi twice answered a different question. Only after the question had been read back to him twice did he respond: "I think the question is very misleading, and yes, I understand my obligation." (Tr. I 140:3–141:25)

(e) Mr. Gagliardi professed not to understand ordinary words, including "represented" and "minimal" (words he had just used himself), "satisfied," and "numbers guy"; he debated the meaning of the word "now" in his own email; and he claimed not to understand the question, "Did you pay money to the IRS in 2016?" (Tr. I 27:20–29:16, 38:15–39:12, 50:15–20, 120:17–121:20; Tr. II 37:11–18, 86:16–87:2) Mr. Gagliardi is a trader who described himself as a "steward of capital" for investors who "entrusted [him] with hundreds of millions of dollars." (Tr. I 116:17–18, 118:23–119:2)

Additional time in these circumstances "is intended to be remedial, and is not in the nature of a sanction." *In re OpenAI, Inc. Copyright Infringement Litig.*, No. 25-MD-3143 (SHS) (OTW), 2026 WL 937014, at *3 (S.D.N.Y. Apr. 7, 2026) (citing *Dass v. City Univ. of New York*, No. 18-CV-11325 (VSB) (OTW), 2023 WL 3750012, at *1 (S.D.N.Y. May 31, 2023)

<u>Additional time is also needed to examine Mr. Gagliardi on the Ketcham documents.</u>

The Court's schedule called for Mr. Gagliardi's deposition to begin before Mr. Ketcham's files were available and expressly preserved "follow-up depositions relating to those documents."

COHEN CUNNINGHAM DEROSE HIGGINS LYON

Christopher F. Lyon | Partner
clyon@cohencunningham.com
Mobile: 210.602.7340

(Dkt. 117) Because Mr. Ketcham is deceased, Mr. Gagliardi is the only surviving participant in their communications and the only witness who can address the substance of the Ketcham files, including the efforts to dispute the penalties that Plaintiff now seeks to recover. Neither those efforts nor Plaintiff's claimed damages was reached in April. The examination is relevant and proportional to the needs of the case, Fed. R. Civ. P. 1, 26(b)(1): Mr. Gagliardi is the assignor of every claim Plaintiff asserts, and the examination will be remote and limited in both time and subject matter.

Defendants' prior estimate.

The parties' September 21 estimate of less than two hours (Dkt. 146) reflected their mutual, approximate understanding of the time remaining and assumed that Mr. Gagliardi would be produced by agreement. Now that Plaintiff's counsel has conditioned his appearance on an unsupported 30-minute limit and compelled this motion, Defendants respectfully request sufficient time to examine Mr. Gagliardi fully on the Ketcham documents and to complete the examination left open in April. Because at least 1 hour and 7 minutes remain under the presumptive limit, the four hours requested would extend the deposition total time by less than three hours beyond the limit.

The requested extension.

Defendants should not be required to choose between accepting an unsupported 30-minute limit on September 28 or 29 and forgoing the balance of the deposition. Plaintiff's counsel is scheduled to begin trial in another matter on October 5, 2026, and the undersigned will be out of the country from October 8 through October 18, 2026. (Dkt. 146) Defendants therefore request that fact discovery be extended from October 7, 2026 (Dkt. 147) to October 30, 2026, solely to complete Mr. Gagliardi's deposition on a mutually agreeable date by October 30, 2026.

Plaintiff's counsel has not stated a position on the requested extension; his stated position is that Mr. Gagliardi will appear only for "the remaining 30 minutes." (Ex. C) Good cause exists because Defendants have been diligent. Defendants subpoenaed Mr. Ketcham's files in December 2025, reviewed the September 14 production within days of receiving it including the weekend, and were prepared to proceed on September 28 or 29. This application is made within the time the Court allowed. (Dkt. 147)

Accordingly, Defendants respectfully request that the Court (i) direct that Mr. Gagliardi's deposition be continued remotely for up to four (4) hours on the record, exclusive of breaks, on a mutually agreeable date after October 19, 2026, and that Plaintiff's counsel, who represents Mr. Gagliardi, produce him for that purpose; and (ii) extend fact discovery to October 30, 2026, solely

COHEN CUNNINGHAM DEROSE HIGGINS LYON

Christopher F. Lyon | Partner
clyon@cohencunningham.com
Mobile: 210.602.7340

to complete that deposition. In the alternative, Defendants request a conference pursuant to Local Civil Rule 37.2. We thank the Court for its consideration of this request.

Respectfully submitted,

COHEN CUNNINGHAM DEROSE
HIGGINS LYON LLP

By: C Lyon

Christopher F. Lyon, Esq.
*Attorneys for Defendants*

CFL/

cc: All counsel of record (via ECF)
Encls.: Exhibits A–C